# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| RA'SHAWN JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:10 CV 353 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION and ORDER

Ra'Shawn Jackson, a *pro se* prisoner, pled guilty to drug offenses in St. Joseph County Superior Court and was sentenced to 15 years in prison. *See State v. Jackson*, 71D08-0706-FA-00027. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE # 2.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Jackson was sentenced on November 20, 2008. (DE # 2 at 1.) He did not take a direct appeal. (*Id.* at 2.) On February 13, 2009, he filed a petition for post-conviction relief with the state trial court. (*Id.* at 4.) That petition was denied on May 18, 2009, and Jackson did not pursue an appeal. (*Id.* at 5.) On May 27, 2010, he sought leave in the Indiana Court of Appeals to file a successive post-conviction petition, but that request was denied on August 6, 2010. (*Id.*; *see also* DE # 2-1 at 3.)

Jackson filed this federal petition on August 19, 2010, raising twelve separate claims, including multiple grounds of ineffective assistance of trial counsel and several

2

claims pertaining to the validity of his arrest.[1] (DE # 2 at 11-14.) His claims do not

implicate newly discovered evidence or a newly recognized constitutional right, nor

does he claim that a state-created impediment prevented him from filing his federal

petition on time. Accordingly, Section 2244(d)(1)(A) applies.

As stated above, Jackson did not pursue a direct appeal after he was sentenced in

November 2008. His conviction became final, and the one-year limitations period began

running, when the time for seeking review in the Indiana Court of Appeals expired. *See*

*Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (conviction becomes final when time

for seeking further review expires); *see also* IND. APP. R. 9(A)(1) (notice of appeal must be

filed within 30 days of entry of final judgment). This made his federal petition due in

December 2009, absent any period of tolling under Section 2244(d)(2).

Jackson filed a post-conviction petition in the state trial court on February 13,

2009, which was denied on May 18, 2009. The limitations period was tolled during the

three months the petition was pending, but because Jackson did not pursue an appeal,

the one-year limitations period began running again after the trial court's ruling.

Jackson had nothing pending in state court from May 18, 2009, until May 27, 2010, when

he sought leave to file a successive post-conviction petition. However, his request to file

a successive petition did not toll the limitations period under Section 2244(d)(2) since

---

[1] The date Jackson signed the petition and tendered it to prison officials for mailing is the operative filing date. *Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999). For the sake of clarity, the court notes that Jackson's petition was originally docketed on August 25, 2010 (DE # 1), and an identical copy of the petition received by the court was docketed as an amended petition on September 1, 2010. (DE # 2.)

the Indiana court declined to authorize the filing of the petition. *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) (an unauthorized successive post-conviction petition is not considered "properly filed" under Indiana law and does not toll the limitations period under Section 2244(d)(2)). Therefore, Jackson's federal petition was filed well over a year after his conviction became final.

In response to Question 16, where the petitioner is asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Jackson states, "Petitioner attacked his conviction within the allotted time frame." (DE # 2 at 10.) As explained above, however, Jackson's petition was not filed within the allotted time frame, and he has not provided any basis for excusing the untimeliness of his petition. Accordingly, the petition must be dismissed as untimely.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

When the court dismisses the petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85.

First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry, and the court need only address one component if that particular component will resolve the issue. *Id.* at 485.

As is fully explained above, Jackson's petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find that there is a reason to encourage Jackson to proceed further. Accordingly, the court declines to issue Jackson a certificate of appealability.

For the reasons set forth above, the court **DISMISSES** the petition (DE # 2) as untimely pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: September 9, 2010

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT